IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| JAMES L. ROBINSON, # 121865, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Civil Action No. 1:12cv1069-WHA |
| | ) | (WO) |
| JAMES DELOACH, *et al.*, | ) | |
| | ) | |
| Respondents. | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I.  INTRODUCTION**

This case is before the court on James L. Robinson's ("Robinson") amended petition for habeas corpus relief under 28 U.S.C. § 2241.  *See* Doc. Nos. 1 and 6.  When he filed his petition, Robinson was an inmate at the Alexander City Work Release & Community Work Camp in Alexander City, Alabama.  He challenges the constitutionality of his confinement under sentences of 25 years' imprisonment as a habitual offender imposed in May 1999 by the Houston County Circuit Court.  He claims he has been denied equal protection based solely on the length of his sentence because (1) he is ineligible for correctional incentive time credits under the Alabama Correctional Incentive Time Act ("ACITA"), Ala. Code § 14-9-40, et seq., as his sentence exceeds 15 years, and (2) he is ineligible for resentencing under Ala. Code § 13A-5-9.1 (the resentencing provisions of Alabama's Habitual Felony Offender Act), as the length of his sentence is neither life nor life without parole.  Doc. No. 1 at 2-5; Doc. No. 6 at 2-4.  For the reasons that follow, Robinson's petition should be

denied and this case summarily dismissed.

## II.  DISCUSSION

**A.      Styling of Petition as One Seeking Habeas Relief under 28 U.S.C. § 2241**

To the extent Robinson seeks review of his claims under 28 U.S.C. § 2241, his petition is subject to 28 U.S.C. § 2254's procedural restrictions on successive and untimely petitions.  "[A]lthough [Robinson's] petition is authorized by § 2241, it is also governed by § 2254 because [Robinson] is 'in custody pursuant to the judgment of a State court.'  28 U.S.C. § 2254(a)."  *Medberry v. Crosby*, 351 F.3d 1049, 1054 (11th Cir. 2003); *see also Thomas v. Crosby*, 371 F.3d 782, 785 (11th Cir. 2004) (a § 2241 habeas petition filed by a prisoner in custody pursuant to the judgment of a state court is subject to the procedural restrictions contained in § 2254).

> Our reading of §§ 2241 and 2254 as governing a single post-conviction remedy, with the § 2254 requirements applying to petitions brought by a state prisoner in custody pursuant to the judgment of a State court, gives meaning to § 2254 without rendering § 2241(c)(3) superfluous.... To read §§ 2241 and 2254 other than as we do would effectively render § 2254 meaningless because state prisoners could bypass its requirements by proceeding under § 2241.

> If § 2254 [and its restraints on successive and untimely petitions] were not [also] a restriction on § 2241's authority to grant the writ of habeas corpus, and were instead a freestanding, alternative post-conviction remedy, then § 2254 would serve no function at all. It would be a complete dead letter, because no state prisoner would choose to run the gauntlet of § 2254 restrictions when he could avoid those limitations simply by writing "§ 2241" on his petition for federal post-conviction relief.  All of Congress's time and effort in enacting § 2254, amending it in 1966, and further amending it in 1996 with AEDPA would have been a complete waste.  Section 2254 would never be used or applied, and all of the thousands of decisions over the past

> half-century from the Supreme Court and other federal courts interpreting and applying the provisions of § 2254 would have been pointless. Section 2254 would be a great irrelevancy because a state prisoner could simply opt out of its operation by choosing a different label for his petition.

*Medberry*, 351 F.3d at 1060-61.

By his petition, Robinson challenges his confinement under 25-year sentences imposed by the Houston County Circuit Court in May 1999. He was in custody under those sentences when he filed his petition. "Section 2254 is triggered where a prisoner is 'in custody pursuant to the judgment of a State court.' 28 U.S.C. § 2254(a). [Robinson] is in custody pursuant to the judgment of the [Alabama] court. Therefore, § 2254 applies to [his] petition." *Thomas*, 371 F.3d at 787. "A state prisoner cannot evade the procedural requirements of § 2254 by filing something purporting to be a § 2241 petition." *Id*. Consequently, Robinson's petition is subject to § 2254's procedural restrictions on successive petitions.

**B.     Previous Petition for Habeas Relief under 28 U.S.C. § 2254**

Robinson filed a previous 28 U.S.C. § 2254 petition for habeas corpus relief alleging entitlement to correctional incentive time credits and alleging equal protection violations arising from application of the ACITA and Ala. Code § 13A-5-9.1. *Robinson v. Deloach, et al.*, Civil Action No. 1:06cv1061-MHT (M.D. Ala. 2009). This court denied that petition on the merits of all claims raised by Robinson. *Id*. - Doc. Nos. 45, 48, and 60.

Under 28 U.S.C. § 2244(b)(3)(A), "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the

appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). "A motion in the court of appeals for an order authorizing the district court to consider a second or successive application shall be determined by a three-judge panel of the court of appeals" and may be granted "only if [the assigned panel of judges] determines that the application makes a prima facie showing that the application satisfies the requirements of [28 U.S.C. § 2244(b)(1) or (b)(2)]."[1] 28 U.S.C. § 2244(b)(3)(B) & (C).

---

[1] Section 2244(b)(1) provides:

A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed.

28 U.S.C. § 2244(b)(1).

Section 2244(b)(2) provides:

A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless–

(A)  the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or

(B)(i)  the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and

(ii)  the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2244(b)(2).

It does not appear from the pleadings in this action that Robinson has received an order from a three-judge panel of the Eleventh Circuit Court of Appeals authorizing this court to consider a successive habeas application alleging entitlement to correctional incentive time credits and equal protection violations arising from application of the ACITA and Ala. Code § 13A-5-9.1.  Because this undertaking is a second or successive habeas corpus petition on these issues and because Robinson has no permission from the Eleventh Circuit to file a second or successive habeas petition, this court lacks jurisdiction to grant the requested relief.  *Gilreath v. State Board of Pardons and Paroles*, 273 F.3d 932, 933 (11th Cir. 2001).  Consequently, the instant petition for writ of habeas corpus should be denied and this case summarily dismissed.  *Id*. at 934.

### III. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1.  The petition for writ habeas corpus relief filed by James Robinson be DENIED.

2.  This cause of action be DISMISSED under the provisions of 28 U.S.C. § 2244(b)(3)(A), as Robinson has failed to obtain the requisite order from the Eleventh Circuit Court of Appeals authorizing this court to consider his successive habeas application.

It is further

ORDERED that on or before December 29, 2014, the parties may file objections to the Recommendation.  Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting.  Frivolous, conclusive

5

or general objections will not be considered by the District Court.  The parties are advised this Recommendation is not a final order; therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); *see Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, en banc) (adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981).

Done this 12th day of December, 2014.

_____/s/Wallace Capel, Jr._____
WALLACE CAPEL, JR.
UNITED STATES MAGISTRATE JUDGE